IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTONIO COLE** § | | **CIVIL ACTION** |
| on behalf of himself individually, § | | **FILE NO:** |
| and ALL OTHERS SIMILARLY § | | |
| SITUATED § | | |
|    Plaintiffs, § | | |
| § | | |
| **v.** § | | **JURY DEMANDED** |
| § | | |
| **NATIONWIDE MUTUAL** § | | |
| **INSURANCE COMPANY** § | | |
|    Defendant. § | | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF ANTONIO COLE, on behalf of himself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complain of Defendant Nationwide Mutual Insurance Company, (hereinafter collectively referred to as "Defendant") and for cause of action would show the Court as follows:

### I. INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b). Plaintiff ANTONIO COLE files this Petition individually, and all others similarly situated, in the course of their employment

1

with the Defendants.

3.     ANTONIO COLE, and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4.     This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II.     JURISDICTION AND VENUE

5.     Plaintiff ANTONIO COLE, on behalf of himself individually and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation earned but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6.     This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.     PARTIES

8.     Plaintiff **Antonio Cole**, is a resident of Richmond, Texas.

9.     Members of the **"Plaintiff Class"** are current and former employees of Defendant who work, or have worked, for Defendant.

10.     Defendant **Nationwide Mutual Insurance Company** may be served with summons by serving its registered agent: CT Corporation located at 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

11.     Whenever in this complaint it is alleged that the named Defendant

2

committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce within the meaning of 3(s) (1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

15. At all material times, Plaintiff was an individual employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

16. Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

### IV. CLASS ALLEGATIONS

17. Plaintiff ANTONIO COLE, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

18. The class that Plaintiff ANTONIO COLE, seeks to represent may be described as follows:

> **All current and former employees of Defendant that worked as Property Claims Adjusters during the class**

**period, and claims that he or she either failed to receive all of his or her overtime compensation, in violation of 29 U.S.C. 201 et. seq.**

19. Plaintiff, ANTONIO COLE, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff ANTONIO COLE, as required by 29 U.S.C. § 216(b).

20. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

21. Plaintiff ANTONIO COLE contends that this action is appropriate for collective action status because Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

22. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Defendant has employed Plaintiff ANTONIO COLE since 2010 as a Property Claims Adjuster. Defendant's headquarters is located in Columbus, Ohio. Defendant has locations throughout the United States.

25. During the period of his employment that Plaintiff has worked for Defendant, Plaintiff has worked as a Property Claims Adjuster.

4

26. During his employment and in the routine performance of his day-to-day job duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant's management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

27. Specifically, Plaintiff worked as a Property Claims Adjuster for Defendant's insurance business. Plaintiff's duties included, but are not limited to: inspecting homes, businesses and other properties that might have damage; interviewing claimants and witnesses; speaking with policy holders; performing research related to the claims. Plaintiff earns an annual salary of $57,000.

28. Plaintiff's regular work week schedule was supposed to be Monday through Friday from 8:00 o'clock A.M. until 4:30 o'clock P.M. Plaintiff, however, has been forced to work 3 to 4 more hours per day during the week and is also forced to work 8 to 10 hour weekends.

29. During Plaintiff's employment, while working for the Defendants, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

30. Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant's management required it, as a condition of Plaintiff's continued employment.

31. Plaintiff often worked in excess of 40 hours per week during his employment with the Defendant during his period of employment.

32.     Plaintiff and others like him were routinely required to perform work "off the clock."  Defendant demanded that Plaintiff and others like him perform off the clock work as a condition of their employment.

33.     Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work  "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

34.     Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

## VI.     FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

35.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

36.     Plaintiff ANTONIO COLE, and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

37.     Plaintiff ANTONIO COLE, and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

38.     Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in

excess of 40 per week.

39. Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

40. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

41. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

42. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

43. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

44. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

45. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

46. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

47. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

48. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

49. Other, similarly situated employees are being denied their lawful wages.

50. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time and one-half) to its employees as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members' class.

51. Plaintiff ANTONIO COLE's experience is typical of the experience of the member's class as it pertains to compensation.

52. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

53. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

54. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. All current and former employees who worked as Property Claims

8

Adjuster for Defendant who at any time during three years prior to the date of filing this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII.   SECOND CLAIM FOR RELIEF
### (Failure to compensate for work performed "off the clock")

56.	Plaintiff ANTONIO COLE, and all others similarly situated is considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

57.	Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

58.	Defendant failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

59.	Defendant failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

60.	Defendant engaged in wage theft by not compensating Plaintiff and all others similarly situated for work they were required to perform for Defendant as part of their regular job duties by not paying Plaintiff and others similarly situated work done outside of the regular hours worked.

61.	The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

62. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek

63. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

64. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

65. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### IX. COLLECTIVE ACTION ALLEGATIONS

66. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

67. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

68. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

69. Other, similarly situated employees are being denied their lawful wages.

70.     Accordingly, Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members class.

71.     Plaintiff ANTONIO COLE's, experience is typical of the experience of the member's class as it pertains to compensation.

72.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

73.     All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

74.     All employees, regardless of their job requirements or rates of pay, who were the victims of the wage theft scheme engaged in by the Defendant, are similarly situated

75.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76.     All current and former employees of Defendant's insurance business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek are properly included as members of the class.

## X.     ATTORNEY'S FEES

77.     Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

78. Plaintiff ANTONIO COLE, and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XI.  **JURY DEMAND**

79. Plaintiff ANTONIO COLE, on behalf of himself and all other similarly situated, makes a formal demand for a jury trial in this matter.

## XII.  **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff ANTONIO COLE, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

b. Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

c. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

    e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

    f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff ANTONIO COLE, and to all other similarly situated employees of the Defendants.

Dated: April 5, 2016

                                                          Respectfully submitted,

                                                          THE FOLEY LAW FIRM
                                                          By: /s/ Taft L. Foley II
                                                          Taft L. Foley, II
                                                          Federal I.D. No. 2365112
                                                          State Bar No. 24039890
                                                          3003 South Loop West, Suite 108
                                                          Houston, Texas 77054
                                                          Phone: (832) 778-8182
                                                          Facsimile: (832) 778-8353
                                                          Taft.Foley@thefoleylawfirm.com